IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **INDIANAPOLIS LIFE INSURANCE COMPANY,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 1:06-CV-2152** |
| : | |
| v. : | **(Chief Judge Kane)** |
| : | |
| **DEBORAH HENTZ, Trustee, et al.** : | |
| : | |
| **Defendants** : | |
| : | |
| ……………………………… : | |
| : | |
| **RICHARD W. WALLACE et al.,** : | |
| : | |
| **Third-Party Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **AMERUS GROUP CO. et al.** : | |
| : | |
| **Third-Party Defendants** : | |

**MEMORANDUM**

Before the Court is Counterclaim and Third-Party Plaintiffs ("Movants") motion to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. (Doc. No. 91.) The motion is fully briefed and ripe for disposition. For the following reasons, the motion will be granted in part.

**I.    BACKGROUND**

The dispute in this case arises out of a series of insurance transactions that took place between early 2005 and May 2006. The Movants generally allege that the policies turned out to be worth less than originally promised by the Defendants. Indianapolis Life commenced the

present action by filing a complaint for declaratory judgment on November 1, 2006. (Doc. No. 1.) The Movants answered the complaint, asserted a counterclaim against Indianapolis Life, and brought AmerUs Life, AmerUs Group, and Saide into the action by way of a third-party complaint filed on November 22, 2006. (Doc. No. 3.) On September 30, 2008, the Court issued a memorandum and order granting in part the Defendants' joint motions to dismiss. (Doc. No. 80.) Count I (fraudulent inducement), Count VIII (consumer fraud), and Count XI (RICO) were dismissed for failure to plead with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Movants now seek to amend their counterclaim and third-party complaint to cure pleading deficiencies identified by the Court in these Counts. (Doc. No. 91.) The motion is separately opposed by Defendants AmerUs Group, AmerUs Life, and Indianapolis Life (Doc. No. 93) (collectively "AmerUs Entities") and Frederick Saide (Doc. No. 94) ("Saide").

## II. STANDARD OF REVIEW AND CHOICE OF LAW

### A. Standard of Review

The Federal Rules of Civil Procedure embody the federal system's liberal approach to pleading. See Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006) (citing Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004). Rule 15(a)(2) directs that "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, a court should grant leave to amend unless equitable considerations such as undue delay or bad faith render it otherwise unjust. Id. at 204 (citing Foman v. Davis, 371 U.S. 178, 183 (1962)). The Third Circuit has made clear that the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993).

A court may also deny leave to amend if the amendment would be futile. In re Merck &

Co., Inc., Sec. Derivative & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007). An amendment is futile when the complaint as amended would fail to state a claim upon which relief could be granted. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Therefore, the court applies the same standard of legal sufficiency as applies under Rule 12(b)(6) when assessing futility. Id. The Supreme Court's recent opinion in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), has altered the standard of review for a motion to dismiss pursuant to Rule 12(b)(6). Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). In construing the Rule 12(b)(6) standard generally, the Court required the plaintiff to provide more than a formulaic recitation of a claim's elements that amounted to mere labels and conclusions. Twombly, 127 S. Ct. at 1964-65. Additionally, the Court held that the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. The Third Circuit has held that this language in *Twombly* applies generally to all motions brought under Rule 12(b)(6). Phillips, 515, F.3d at 232. Despite *Twombly*, it is still true that "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

    B. Choice of Law

As discussed in this Court's memorandum and order adjudicating the motions to dismiss, the Court will apply Delaware substantive law to evaluate the state claims brought in the proposed amended complaint ("PAC"). (Doc. No. 80 at 7.)

III.    DISCUSSION

**A. Non-Compliance with Local and Federal Rules**

The AmerUs Entities and Saide contend that the motion should be denied because of non-compliance with local and federal rules. (Doc. Nos. 93, 94.) They claim that the Movants violated Local Rule 7.1[1] by failing to seek concurrence in the motion. (Id.) They also argue that the PAC violates Local Rule 15.1[2] because it is not "complete in itself." (Id.)

**1. Local Rule 7.1**

The AmerUs Entities and Saide claim that the Movants failure to seek concurrence in this motion is prejudicial to them because several claimed defects may have been solved prior to filing the motion with the Court, stating that "[t]he opportunity for such dialog, discourse and elimination of issues, of course, never happened here." (Doc. No. 93 at 7.) Counsel for the AmerUs Entities further posits that "[d]epending on the nature of the cure implemented to address these defects, whether undersigned counsel still would have opposed the motion for leave to amend is an unanswerable question." (Id.) The Movants concede they did not seek concurrence in the present motion, explaining that counsel for Saide and the AmerUs Entities both indicated opposition to the motion at the telephone conference held on October 15, 2008, between the parties and the Court. (Doc. No. 95 at 7.)

The Court notes at the outset that the concurrence requirement embodied in Local Rule 7.1 serves an important function and is not excused lightly. Further, even if Defendants' counsel

---

[1] Local Rule 7.1 provides in pertinent part: "[a]ll motion sfiled prior to trial must be written, and shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied." M.D. Pa. L.R. 7.1.

[2] Local Rule 15.1 provides in pertinent part: "[w]hen a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document, or, in the Electronic Filing System, as an attachment to the motion." M.D. Pa. L.R. 15.1(a).

did indicate a general non-concurrence at the time of the teleconference, they did not have access to the PAC; Movants should have sought concurrence once they had prepared the motion. Despite this, the Court finds that the failure to seek concurrence did not sufficiently prejudice the Defendants to warrant denying the motion under these circumstances. Counsel is advised, however, that concurrence should be sought in all future pretrial motions as required by Local Rule 7.1.

### 2. Local Rule 15.1

The AmerUs Entities and Saide argue that the PAC is not "complete in itself," as required by Local Rule 15.1 because it includes claims that were dismissed in the Court's memorandum and order adjudicating the motion to dismiss, namely: insurance fraud, bad faith breach of contract, negligence, and deceptive trade practices. (Doc. Nos. 93 at 8; 94 at 5.)

The Movants are obviously permitted to seek leave of the Court to amend the complaint and cure previously dismissed claims if the amendment would not be futile or inequitable. See Foman 371 U.S. 178 at 181-82. In the present motion, however, the Movants claim to seek only "leave to amend the counterclaim/third-party complaint in order . . . to plead with particularity those fraud-based claims that the Court dismissed for failing to meet the pleading standard of [Rule 9(b)]." (Doc. No. 95 at 3.) Movants further explain that "[they] are not seeking to amend the pleading in any other respect. For instance, Movants do not seek to add a party or claim or resurrect any claims that already have been dismissed by this Court, if such were possible." (Id. at 3 n.2.) Despite this stated purpose, the Defendants argue that granting the present motion would put previously dismissed claims, which are all still included in the PAC, back into contention.

The Court must agree with the Defendants' concern that granting leave to amend as set forth in the PAC would put already adjudicated issues back into contention even if the Movants did not intend to re-allege all of the dismissed claims in the PAC. "An amended complaint supercedes the original version in providing the blue print for the future course of a lawsuit." Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002). The Court does not find that this concern is a viable basis to deny the motion entirely, however, and instead will deny the motion to amend with respect to the previously dismissed claims remaining in the PAC that Movants do not seek to resurrect and any other allegations relating solely to these dismissed claims.

### 3. Rules 10 and 41 of the Federal Rules of Civil Procedure

The AmerUs Entities and Saide argue that the form of the PAC does not comply with Rule 10 of the Federal Rules of Civil Procedure. The AmerUs entities, for instance claim that "[t]he PAC is not set forth in separately numbered paragraphs," pointing to paragraphs 10, 13, 34, 35 and 37 in support of this claim. (Doc. No. 93 at 10.) The Defendants also claim that separate statements as to each Defendant should be required (Doc. No. 94 at 6), and that the paragraphs included in the PAC are not confined to a single set of circumstances (Doc. No. 93 at 10). For purposes of the present motion, the Court finds that even if these alleged deficiencies exist in the PAC they are not prejudicial such that the motion to amend should be denied as inequitable.

The AmerUs Entities also argue that the Movants have not complied with Rule 41 of the Federal Rules of Civil Procedure because they have failed to seek voluntary dismissal of the originally named defendant AmerUs Group Co. (Doc. No. 93 at 11.) The PAC no longer

includes any allegations with regard to defendant AmerUs Group and the Movants admit that AmerUs Group is no longer a defendant in the PAC. (Doc. No. 95 at 5.) But, even if "amendment by omission is legally ineffective," there is no clear reason why this contention would warrant denial of the motion before the Court.

### B. Agency or Alter-Ego Liability for AmerUs Life

The AmerUs Entities argue that the allegations in the PAC are legally insufficient to sustain a claim against AmerUs Life based on agency or alter-ego liability theories. (Doc. No. 93 at 11.) The Movants seem to claim in response that they are not pursuing either of these theories of liability, but rather assert that "at this juncture - pleading and pre-discovery - [Movants] cannot state for certain which entity is the true principal and issuer of insurance . . . . Thus, Movants plead in the alternative - that one or both of INDI or AmerUs Life was the principal." (Doc. No. 95 at 6.) The PAC contains a seemingly contrary allegation, however. (See Doc. No. 91-2 7.) As such, the Court will have to examine whether this amendment asserting agency or alter-ego liability would be futile.

The Court must agree with the AmerUs Entities that the allegations in the PAC do not raise the right to relief against AmerUs Life above the speculative level on an agency or "alter-ego" theory. In order to assert agency liability between related corporations, there must be allegations that "an arrangement exist between the two corporations so that one acts on behalf of the other and within usual agency principles." Phoenix Canada Oil Co. Ltd. v. Texaco, Inc., 842 F.2d 1466, 1477 (3d Cir. 1988). Further, the arrangement must be relevant to the plaintiff's claim of wrongdoing. Id. To state a claim for piercing the corporate veil under an alter-ego theory, there must be allegations showing: "(1) that the corporation and its shareholders operated

as a single economic entity, and (2) that an overall element of injustice or unfairness is present." Trevino v. Merscorp Inc., No. 07-568, 2008 WL 4427275 *5 (D. Del. 2008).

The PAC explains the relationship between Indianapolis Life and AmerUs Life in one paragraph, which contains allegations that "[a]t all relevant times, Indianapolis and AmerUs Life operated as one in the same, and/or AmerUs Life operated as agent for Indianapolis in the marketing, sale, and service of premium financed life insurance policies." (See Doc. No. 91-2 ¶ 7.) The allegations in this paragraph amount to nothing more than labels and conclusions, and no other allegations in the PAC offer further support for the existence of an agency relationship between these two entities.[3] The same is true for any "alter-ego" theory that may be inferred from the allegation that these two entities operated as "one in the same."

Because the PAC does not provide an adequate basis for agency or piercing the corporate veil liability, the Movants must have some basis for direct liability. As mentioned, the Movants claim that they are pleading in the alternative either that Indianapolis Life or AmerUs Life was the principal in the insurance transaction. (Doc. No. 95 at 5.) This is confirmed throughout the PAC by continued reference in the alternative to "Indianapolis and/or AmerUs Life."

The Federal Rules expressly allow alternative or even inconsistent pleading. See Fed R. Civ. P. 8(d).[4] Even contradictory statements of fact are allowable subject to the requirements of

---

[3] By way of comparison, the PAC also alleges that Saide was an agent for Indianapolis or AmerUs Life. (Doc. No. 91-2 ¶ 6.) This assertion raises above the speculative level by way of further allegations in the PAC that detail the involvement of Saide in the sale of this insurance policy. (See id. ¶¶ 9, 10, 12, 13.)

[4] Rule 8 provides in pertinent part:

> (2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternative or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

Rule 11 when the pleader is legitimately in doubt about the facts in question. See, e.g., American Intern. Adjustment Co. v. Galvin, 86 F.3d 1455, 1461 (7th Cir. 1996); Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp., 344 F. Supp. 2d 936, 944 (M.D. Pa. 2004). As for joinder of Defendants, Rule 20 specifically provides for multiple defendants to be joined in one action when a right to relief is asserted against them alternatively and a question of law or fact common to all defendants will arise.[5] Though the attached documents to the PAC and record of the case thus far seem to indicate that Indianapolis Life is the issuer of insurance (See Doc. No. 91-2 Ex. A), the PAC does contain allegations that seem to support some form of involvement of AmerUs Life (See id. ¶ 18), and the Court will accept counsel's representation that at this juncture they cannot determine the principal issuer of insurance (Doc. No. 95 at 6).

### C. Rule 9(b)

The AmerUs Entities and Saide both contend that the PAC fails to cure the Rule 9(b) deficiencies identified in the original complaint. (Doc. No. 93 at 15; Doc. No. 94 at 7.) The standard to comply with the special pleading requirements laid out in Rule 9(b) was set out in this Court's memorandum and order adjudicating the motions to dismiss:

---

> (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8.

[5] Rule 20 provides in pertinent part:

> (2) Defendants. Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(2).

> Rule 9(b) requires plaintiffs to plead the circumstances of fraud with particularity. Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984). Despite this, an approach focusing exclusively on the "particularity" language of the rule is too narrow because it ignores the contemplated flexibility and simplicity inherent in the pleading system adopted by the Federal Rules. Id. Plaintiffs do not have to make allegations of date, place, or time to satisfy the notice aspect of the Rule 9(b) requirement, but may "use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Id. (holding that an attached detailed list identifying the machines which were the subject of the alleged fraudulent transactions was an adequate alternative means to satisfy Rule 9(b)). The complaint also must include allegations detailing who made the misrepresentation, to whom, and the general content of the misrepresentation. Lum v. Bank of America, 361 F.3d 217, 227 (3d Cir. 2004).

(Doc. No. 80 at 20-21.)

The Court finds that the PAC meets the higher pleading standard of Rule 9(b). A problem with the original complaint is that a large portion of the alleged events and misrepresentations had no corresponding date, time, place, or context. (Doc. No. 80 at 22.) The PAC addresses these deficiencies adequately, providing particularized information about the dates, times, and context of the significant events and misrepresentations in the allegations. (Doc. No. 91-2 ¶¶ 8, 10, 11, 12, 13.)

Another significant problem with the original complaint was that all AmerUs Entities were grouped together as "Insurance Company," without any explanation as to how the entities related to each other or the claims for relief. (Doc. No. 80 at 21.) As the AmerUs Entities point out, the PAC still lumps AmerUs Life and Indianapolis Life together. (Doc. No. 94 at 15.) Given the additional specificity in the PAC, however, the Court assumes that these related corporations can adequately sort out their own involvement in the alleged events and prepare a defense such that the purposes behind Rule 9(b) are satisfied. See Jepson, Inc. v. Makita Corp.,

10

34 F.3d 1321, 1329 (7th Cir. 1994).

Relying on *Lum*, Both the AmerUs Entities and Saide also argue that the PAC does not satisfy Rule 9(b) because it does not sufficiently set out the content of misrepresentations or show that the Initial Illustration was false. (Doc. No. 93 at 16; Doc No. 94 at 6.) Further, relying on *Twombly*, the Defendants argue that the allegations in the PAC are insufficient to sustain a fraud claim. (Id.)

The Court cannot agree with either of these contentions, which are similar to those raised in the aforementioned motions to dismiss. A court must consider the complaint as a whole and also any fair inferences that can be drawn from the allegations. Here, as in the original complaint, a fair inference can be drawn from the allegations that Saide supplied false information by advising the Wallaces to apply for a loan that he knew would not be available. (Doc. No. 91-2 ¶ 10.) Saide also misled the Wallaces in advising them to follow the steps of his plan when he represented that such action would lock in a new Delaware policy under the terms of the Initial Illustration. (Id. ¶ 12-13.) A fair inference from these and other allegations in the PAC is that false and misleading representations were made to the Wallaces and the Trustee. Accordingly, the Court finds that these allegations sufficiently set out the general content of the misrepresentations as required by *Lum*. The Court also finds that the allegations raise a right to relief on the remaining fraud counts above a speculative level, satisfying the requirements of *Twombly*.

### D. RICO

The Movants represent to the Court that they are withdrawing their RICO claim. (Doc. No. 95 at 3.) Accordingly, leave to amend will not be granted with regard to the RICO claim

and any other allegations relating solely to that claim.

**IV.     CONCLUSION**

       For the foregoing reasons, the Court will grant in part Movants' motion to amend.  (Doc. No. 91.)  An order consistent with this memorandum will follow.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **INDIANAPOLIS LIFE INSURANCE COMPANY,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 1:06-CV-2152** |
| : | |
| v. : | **(Chief Judge Kane)** |
| : | |
| **DEBORAH HENTZ, Trustee, et al.** : | |
| : | |
| **Defendants** : | |
| : | |
| ............................... : | |
| : | |
| **RICHARD W. WALLACE et al.,** : | |
| : | |
| **Third-Party Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **AMERUS GROUP CO. et al.** : | |
| : | |
| **Third-Party Defendants** : | |

**ORDER**

**AND NOW** this 6th day of January 2009, upon consideration of the Counterclaim and Third-Party Plaintiffs motion to amend (Doc. No. 91) filed in the above-captioned matter, and for the reasons set forth in this Court's Memorandum Opinion filed herewith, **IT IS HEREBY ORDERED THAT** the motion is **GRANTED IN PART** as follows:

1. The proposed amendment as to Counts: III (Negligence), IV (Common Law Fraud), VI (Bad Faith Breach of Contract), IX (Deceptive Trade Practices), X (Insurance Fraud), XI (RICO) would be futile. Accordingly, leave to amend as to these Counts and any allegations relating solely to these counts is **DENIED**.

2. The proposed amendment as to agency or alter-ego liability for AmerUs Life Insurance Co. would be futile. Accordingly, leave to amend as to paragraph 7 of

    the proposed amended complaint is **DENIED**.

3.    The motion is otherwise **GRANTED**.  The Counterclaim and Third-Party Plaintiffs shall file an amended complaint consistent with the foregoing memorandum and this order within 15 days.

                                 s/ Yvette Kane
                                Yvette Kane, Chief Judge
                                United States District Court
                                Middle District of Pennsylvania